IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **vs.** ) | **CRIMINAL NO.  03-00050-WS** |
| ) | |
| **MARCUS FITZGERALD STEVENSON,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

On September 24, 2003, the Court sentenced the defendant to a term of 57 months.  (Doc. 119).  On appeal, the Eleventh Circuit assumed that the Court treated the sentencing guidelines as mandatory rather than advisory.  Because, following the Supreme Court's post-sentencing decision in *United States v. Booker*, 125 S. Ct. 738 (2005), it is error to treat the guidelines as mandatory, the defendant argued that his sentence should be vacated and reconsidered.  Because the defendant did not argue to this Court that the guidelines are not mandatory, the Eleventh Circuit reviewed his appellate argument to that effect under the "plain error" standard.  *United States v. Stevenson*, 2005 WL 1123522 (11th Cir. 2005).

Satisfaction of the plain error test requires, inter alia, a "reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge."  *United States v. Rodriguez*, 398 F.3d 1291, 1300 (11th Cir. 2005).  The Eleventh Circuit, noting certain comments by the Court at sentencing, concluded from them that there was a "reasonable probability" that the Court would have imposed a lesser sentence had it not considered the guidelines as mandatory.  Finding all elements of the plain error test to be satisfied, the Eleventh Circuit vacated the defendant's sentence and "remand[ed] for resentencing consistent with Booker."

Treating the guidelines as advisory, the Court concludes that the defendant's original sentence was appropriate and should be reinstated.  The defendant argues that his sentence should be reduced because "common sense" suggests that his sentence should be significantly lower than those of his co-defendants.  (Doc. 132 at 21).  The defendant makes this argument with no awareness of the criminal history or assistance of his co-defendants and with but murky understanding of the relevant conduct of

his co-defendants.  (*Id*. at 3-8, 20-22).  At any rate, the distinctions offered by the defendant would not justify a reduced sentence even if they had been shown to exist.  Accordingly, treating the guidelines as advisory, the Court concludes that the defendant's sentence as originally imposed is appropriate.

A defendant has the right to be present at "the imposition of a new sentencing package after an original sentencing package is vacated in its entirety on appeal and the case is remanded for resentencing."  *United States v. Jackson*, 923 F.2d 1494, 1496 (11th Cir. 1991).  He has no such right when remand is for a limited issue.  *United States v. Tamayo*, 80 F.3d 1514, 1518-19 (11th Cir. 1996).  In particular, "an appellate vacation of judgment for consideration in light of a particular decision is much more limited in nature than a general vacation by an appellate court, and its effect is not to nullify all prior proceedings."  *Id*. at 1520 (internal quotes omitted).  Because the Eleventh Circuit vacated only for reconsideration in light of *Booker*, the sentencing package was not vacated in its entirety.[1]

When the sentencing package is not vacated in its entirety, the defendant is entitled to be present only if the new sentence is "more onerous" than the old.  *United States v. Tamayo*, 80 F.3d at 1519.  Because the Court is not making the defendant's sentence more onerous, the defendant is not entitled to be present under this principle.

The Court is able to determine the defendant's sentence without hearing additional evidence because, regardless of the comparisons to his co-defendants, as discussed above the Court concludes that they do not justify a lesser sentence.  Thus, the defendant has no right to present additional evidence before resentencing.  *See United States v. Davis*, 329 F.3d 1250, 1252 (11th Cir. 2003)(where the trial court determined it could rely on the evidence already presented to resolve the *Apprendi* issue on which remand was based, "[t]his determination obviated Appellants' entitlement to

---

[1] Because sentencing under *Booker* requires the district court "to calculate the Guidelines sentencing range in the same manner as before *Booker*," *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005), remand in light of *Booker* cannot vacate the sentencing package "in its entirety." *Cf. United States v. Tamayo*, 80 F.3d at 1519-20 (where the defendant's sentence was vacated to determine if an unadjudicated nolo contendere disposition qualified for inclusion in the defendant's criminal history, "clearly the entire sentencing package was not to be revisited on remand").

have new evidence presented prior to resentencing")(citing *United States v. Tamayo*, 80 F.3d at 1520).

Considering the guidelines as advisory, and considering all the factors identified in 18 U.S.C. § 3553(a), the Court concludes that the sentence originally imposed is appropriate under the circumstances. That sentence addresses the seriousness of the offense and meets the sentencing objectives of punishment, deterrence and incapacitation. Upon consideration of all matters presented, it is the judgment of this Court that the defendant's sentence as entered on September 24, 2003, (Doc. 119), be reimposed in its entirety.

DONE and ORDERED this 18th day of July, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE